

**The following constitutes**
**the order of the court. Signed May 18, 2017**

_____
**Charles Novack**
**U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Case No. 13-40873 CN |
| JON ROBIN VAN ARSDALE, | Chapter 7 |
| Debtor. | |
| JON ROBIN VAN ARSDALE, | Adversary No. 14-4035 CN |
| Plaintiff, | |
| vs. | **MEMORANDUM ORDER GRANTING DEFENDANT'S SUMMARY JUDGMENT AND DENYING PLAINTIFF'S SUMMARY JUDGMENT MOTION** |
| INTERNAL REVENUE SERVICE, | |
| Defendant. | |

On May 15, 2017, this court heard dueling summary judgment motions in this adversary proceeding. All appearances were noted on the record. The sole issue for this court to determine is whether Chapter 7 debtor Jon Robin Van Arsdale's late filed 2001 federal tax return is a "return" under Bankruptcy Code § 523(a)(1)(B). The resolution of this issue will, in turn, determine if Van Arsdale may discharge his 2001 federal tax liability.

The pertinent facts are undisputed. Van Arsdale was required to file a federal tax return for income earned during 2001 by April 15, 2002. He did not adhere to this well known filing deadline. Van Arsdale did not file his 2001 federal tax return until August 2005. His return listed taxable income of $59,697.00 and $13,126.00 in taxes due. In the interim, the Internal Revenue Service filed a substitute for return (under 26 USC § 6020(b); "SFR") on October 27, 2003 which

1

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

determined that Van Arsdale owed approximately $12,000.00 in taxes. In or around July 2005 Van Arsdale retained Robert Goldstein to prepare his 2001 tax return. Goldstein promptly prepared the return, and Van Arsdale filed the 2001 return in August 2005. This return listed slightly more in taxes that the SFR. Van Arsdale thereafter submitted three offers in compromise, which the IRS rejected. The IRS's account transcript for Van Arsdale's 2001 tax year does not indicate that the IRS made any attempt to collect the tax liability assessed by the SFR before Van Arsdale he filed his 2001 return in August 2005.[1] Van Arsdale filed his Chapter 7 bankruptcy on February 14, 2013.

Van Arsdale states that while he knew he was required to file a 2001 return, he did not do so because he did not have the money to pay the taxes, and that he "panicked" and "stuck his head in the sand." His decision to file the 2001 return was motivated by his concern that he could be criminally prosecuted if he did not file the return by April 2008.

The United States (herein, the "IRS") and Van Arsdale have filed motions for summary judgment. The IRS's arguments are twofold: that the late filed 2001 return was not a "return" under Bankruptcy Code § 523(a)(1)(B) because it was filed after the SFR, and the August filing was not an honest and reasonable attempt to address his 2001 tax obligation under In re Smith 828 F.3d 1094 (9th Cir. 2016). Van Arsdale disagrees, and argues, among other things, that his 2001 return was an honest and reasonable attempt to address his tax obligation under Smith.

The summary judgment standard is well established. Federal Rule of Bankruptcy Procedure 7056(a) provides that a court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Only disputes over facts that might affect the outcome of the adversary proceeding under applicable law will preclude the entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242,

---

[1] The IRS's tax transcript contains a notation that a "Bankruptcy or other legal action [was] filed" on September 8, 2003. The court takes judicial notice that a Chapter 7 bankruptcy was filed by a Jon Robin Van Arsdale with the same social security number as the one used in this case on that date, and that a Chapter 7 discharge was issued on December 15, 2003. The court takes further judicial notice that this same person filed a short lived Chapter 13 bankruptcy on July 2, 2004, which was dismissed on October 5, 2004. The tax transcript contains a December 15, 2003 notation of "Removed bankruptcy or other legal action."

MEMO ORD GRANTING DEFENDANT'S SUMMARY JUDGMENT AND DENYING PLAINTIFF'S SUMMARY JUDGMENT MOT

Case: 14-04035    Doc# 49    Filed: 05/18/17    Entered: 05/22/17 12:35:15    Page 2 of 7

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

248, 106 S.Ct. 2505, 91 L.Ed 2d 202 (1986). Moreover, all inferences that this court may draw from the underlying facts must be viewed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88, 106 S.Ct. 1348, 89 L.Ed. 2d 538 (1986).

This standard does not change where the parties file cross-motions for summary judgment. Taft Broadcasting Co. v. United States, 929 F.2d 240, 248 (6th Cir. 1991). "The fact that both parties have moved for summary judgment does not mean that the court must grant judgment as a matter of law for one side or the other; summary judgment in favor of either party is not proper if disputes remain as to material facts. Rather the court must evaluate each party's motion on its own merits, taking care in each instance to draw all reasonable inferences against the party whose motion is under consideration." Id. (citations omitted.) The filing of cross motion does, however, "authorize the court to assume that there is no evidence which needs to be considered other than that which has been filed by the parties." Greer v. United States, 207 F.3d 322, 326 (6th Cir. 2000). Finally, exceptions to discharge are narrowly construed in favor of the debtors. The IRS, as creditor, has the burden of proving by a preponderance of evidence that the 2001 tax debt is nondischargeable. Grogan v. Garner, 498 U.S. 279, 286, 112 L.Ed. 755, 111 S.Ct. 654 (1991).

1. The IRS Motion.

Bankruptcy Code § 523(a)(1)(B) addresses the dischargeability of Van Arsdale's 2001 federal tax obligation. Section 523(a)(1)(B) states in pertinent part that a debtor cannot discharge an income tax "with respect to which a return, or equivalent report or notice, if required - (I) was not filed or given; or (ii) was filed or given after the date on which such return, report, or notice was last due, under applicable law or under any extension, and after two years before the date of the filing of the petition . . . . The IRS concedes that the only legal issue before this court is whether Van Arsdale's 2001 return is a "return" for dischargeability purposes. If this court determines that his 2001 return is a "return," his 2001 taxes will be discharged.

The IRS contends that Van Arsdale's 2001 return was not a return under § 523(a)(1)(B). The IRS first argues that a tax return filed after it files a SFR is never a return under § 523(a)(1)(B). The IRS contends that since it assessed Van Arsdale's 2001 tax liability (which assessment creates the

3

tax debt) before he filed his 2001 return, there no longer was any "debt" for which a return can be filed.  As noted by the Tenth Circuit BAP in In re Wogoman, 475 B.R. 239, 250 (Bankr. 10th Cir. 2012), the IRS has not persuaded any court (pre or post BAPCPA) of the merits of this argument. More importantly, the Ninth Circuit BAP rejected this argument in In re Martin, 542 B.R. 479 (BAP 9th Cir. 2015).[2]

The IRS also argues that Van Arsdale's 2001 return does not satisfy the definition of a tax return enunciated by In re Smith, 828 F.3d 1094 (9th Cir. 2016).  In Smith, the Ninth Circuit reaffirmed and applied the four factor test adapted by In re Hatton, 220 F.3d 1057 (9th Cir. 2000). Under the Hatton test, a document qualifies as a tax return if it 1) purports to be a return; 2) is executed under penalty of perjury; 3) contains sufficient data to allow calculation of tax; and 4) represents "an honest and reasonable attempt to satisfy the requirements of the tax law." Id. at 1060-61.

The IRS concedes that Van Arsdale's 2001 tax return satisfies the first three Hatton elements. It contends, however, that his return was not an honest and reasonable attempt to satisfy his 2001 tax obligations.  The "honest and reasonable inquiry is "broad in scope and at least partially subjective in focus. . ." Martin, supra, at 482.  This court may consider such factors as the length of the delay in filing, the reason for the delay, and the number of years for which timely filings were missed. Id. at 484.  Moreover, this court must examine the entire time frame at issue, from the moment the taxes became due to when Van Arsdale filed his return in August 2005.  Simply, "Failure to file a timely return, at least without a legitimate excuse or explanation, evidences the lack of a reasonable effort to

---

[2]  Given the IRS' ragged writing, it is not clear whether the IRS is also contending that the 2001 tax return is not a return under § 523(a)'s "hanging paragraph" or "flush language."  This paragraph, found at the end of that subsection, seemingly states that any late filed, voluntary tax return prepared by a tax payer is not a return for dischargeability purposes.  The Courts of Appeal that have examined this issue are divided.  See, e.g., In re Justice, 817 F.3d 738, (11th Cir. 2016). Several other Circuit Courts, including the Ninth Circuit, have determined that they need not reach the issue to determine the dischargeability of income tax debt. See Giacchi v. United States of America (In re Giacchi), 2017 U.S. App.LEXIS 7995* (3rd Cir. May 5, 2017); In re Smith, 828 F.3d 1094 (9th Cir. 2016).  The Ninth Circuit BAP in In re Martin, has analyzed and rejected this argument, and this court will follow its holding.

4

comply with the law." <u>Earls v. United States of America (In re Earls)</u>, 549 B.R. 871, 879 (Bankr. S.D.Ohio 2016).

The undisputed facts establish that Van Arsdale's August 2005 filing of his 2001 federal tax return was not an honest and reasonable attempt to satisfy his 2001 tax obligation. Van Arsdale's excuses are skimpy and insufficient. Simply stating that you "panicked" and "stuck your head in the sand" is insufficient. Van Arsdale does not state why he panicked, whether this panic attack left him emotionally or physically incapable of filing a return, or how long this panicked state lasted. At least one Circuit Court has rejected a similar plea. *See* <u>In re Giacchi</u>, *supra*, 2017 U.S.App.LEXIS at \*6. This court is not going to speculate or strain to answer these questions, and there are no reasonable inferences to be drawn in this regard on Van Arsdale's behalf. Moreover, a person's decision to file a tax return should not be based on a desire to avoid criminal liability. If such fear was a legitimate excuse, a Chapter 7 debtor could file his/her tax return before the commencement of a criminal tax investigation and argue that its filing was an honest and reasonable effort to comply with the Internal Revenue Code. Finally, in these circumstances, this court gives some credence to the argument that filing a tax return after a SFR devalues the significance of the tax return, and puts into play whether the late filed return reasonably complies with the debtor's tax obligations. Our tax code turns on voluntary tax returns and self-assessed taxes. In their absence (and acknowledging that there may be a significant time lag between the April 15th filing date and the IRS's preparation and filing of a SFR), the IRS must independently assess a taxpayer's liability without all of the information necessary to accurately determine his/her taxes, and then push, prod, cajole and sometimes threaten legal action to collect the delinquent tax debt. While this court rejects the suggestion of a per se rule, the preparation and filing of a SFR rarely helps the debtor taxpayer's cause. Accordingly, the IRS's summary judgment motion is granted.

2. Van Arsdale's Motion.

While this court's granting of the IRS's motion necessarily requires that it deny Van Arsdale's summary judgment motion, some comment is necessary. Van Arsdale argues that his 2001 tax return was an "honest and reasonable attempt" to comply with his tax reporting obligations because he reported a greater tax liability than that assessed by the IRS. This argument has been

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

rightly rejected by several courts. "[T]he argument that a belated return serves a legitimate tax purpose because it is useful to the IRS has been soundly rejected by the majority of circuit courts that have considered it. Most recently, the Eleventh Circuit Court of Appeals explained that 'the focus of the fourth prong [Hatton] test is not the document's utility to the IRS but the taxpayer's efforts to comply with the law." (citations omitted.) In re Earls, *supra*, 549 B.R. at 876.

Van Arsdale also questions this court's capacity to determine a tax issue, and argues that this court should defer to the expertise of the IRS in whether to accept or reject a tax return. The standard that Van Arsdale pulls out of the IRS's Internal Revenue Manual, will, he contends, provide the bankruptcy courts with an objective, easy to apply test that will remove any uncertainty regarding the dischargeability of a Chapter 7 debtor's taxes. This court rejects his suggestion, as the Hatton standard creates no more uncertainty that the factors this court regularly considers in determining the dischargeability of many other debts under Bankruptcy Code § 523(a). Accordingly, Van Arsdale's summary judgment motion is denied.

The IRS shall prepare an appropriate judgment.


**\* \* \* END OF ORDER \* \* \***

Case: 14-04035    Doc# 49    Filed: 05/18/17    Entered: 05/22/17 12:35:15    Page 6 of 7

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

Recipients are ECF participants

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

7